## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

RONALD PROVENZOLA

    Plaintiffs,

vs.

Case No.
Honorable
**Demand for Jury Trial**

SELECT PORTFOLIO
SERVICING, INC.
    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff states as follows:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the violations of the Michigan Regulation of Collection Practices Act and for the breach of contract causes of action.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides in Linden, Michigan in the Eastern District of Michigan ("here"), and Defendant conducts business here.

### PARTIES

3. Plaintiff Ronald Provenzola ("Plaintiff") is a natural person residing at 6106 Lakeview Park Drive, Linden, Genesee, County, Michigan ("the property").

4. Defendant Select Portfolio Servicing, Inc. ("SPS"), is a mortgage servicer that services Plaintiff's mortgage loan for the property and is a "servicer" as that term is defined by 12 U.S.C. § 2605 (i)(2).

### FACTUAL ALLEGATIONS

5. Plaintiff and his wife purchased the property in 2007.

6. On or about August 15, 2007, Plaintiff signed a promissory note to pay PNC Mortgage, a division of PNC Bank, N.A., for monies provided to purchase the property.

7. To secure the loan Plaintiff and his wife provided a mortgage to PNC Mortgage.

8. The mortgage contained an Adjustable Rate Rider allowing for an initial interest rate of 7% and a range of 12% to 2.750%

9. Plaintiff and his wife have resided at the property since 2007.

10. The purchase of this property was an obligation for the payment of money or thing of value arising out of an express agreement or contract for a purchase made primarily for personal, family, or household purposes.

11. The loan provided was secured by a first or subordinate lien on residential real property designed principally for the occupancy of from one to four families.

12. The loan provided was made in whole or in part by a lender the deposits or accounts of which are insured by any agency of the Federal Government, or was made in whole or in part by a lender which is regulated by any agency of the Federal Government.

13. In the spring of 2010, Plaintiff was experiencing financial problems and reached out to PNC to see if he and his wife qualified for a modification of the loan on the property.

14. Plaintiff filed a Chapter 7 bankruptcy 1032653-dof with the Eastern District of Michigan Bankruptcy Court on May 10, 2010.

15. The HAMP modification modified the "Loan Documents" (the Mortgage and the Note), as of January 1, 2010. (Exhibit 1).

16. The HAMP modification allowed for a gradually increasing rate of interest with the first sixty monthly payments at a 2% rate of interest changing to 3% on December 1, 2014.

17. The HAMP modification was signed by a mortgage officer of PNC Mortgage May 13, 2010 and by Plaintiff and his wife on May 11, 2010.

18. Plaintiff and PNC mortgage agreed to a modification of the Loan Documents by signing a reaffirmation agreement whereby $247,527.08 was agreed to be paid back at a fixed APR of 2% payable at $1,285.90 per month for 454 months starting August 1, 2010.

19. The reaffirmation agreement was signed by Plaintiff and Carla Walker from PNC Mortgage on July 16, 2010. (Exhibit 2).

20. The reaffirmation agreement was filed with the bankruptcy court (Docket Entry # 16) on August 10, 2010.

21. By operation of law, the reaffirmation agreement was a modification of the terms of the Loan Documents and supersedes any previous modification.

22. The bankruptcy was discharged on August 18, 2010.

23. Plaintiff made payments pursuant to the reaffirmation agreement.

24. In the spring of 2014, Plaintiff received a coupon book and noticed that in January 2015 his payment and interest rate was going to be increased.

25. Plaintiff called PNC Mortgage and informed them that the coupon book was incorrect and that he had signed a reaffirmation agreement with a fixed rate of interest.

26. PNC Mortgage asked for Plaintiff to send the documents to prove his complaint and Plaintiff sent in a copy of the reaffirmation agreement.

27. PNC Mortgage never responded to Plaintiffs inquiry.

28. Subsequent to this time, Plaintiff received notice that his mortgage loan was being transferred to SPS.

29. Plaintiff called SPS and told them that he had signed a reaffirmation agreement with a fixed rate of interest and that his payment should not increase at all.

30. SPS told him that it was still 2% and that even in January 2015 it was still "in the computer" as 2%.

31. Despite this representation, SPS still sent a letter to Plaintiff dated December 26, 2014 stating that his new interest rate of 3.00000% would be due with his payment on January 1, 2015. (Exhibit 3).

32. Plaintiff called to inform Defendant SPS that it was wrong and that a reaffirmation agreement was a modification of the original agreement.

33. Plaintiff received a statement in January 2015 alleging the 3% interest rate and a new higher payment amount.

34. Defendant SPS sent a letter to Plaintiff dated January 6, 2015 stating that it had received his inquiry and that if he had alleged any error in servicing they will provide him with a response and resolution within 30 days.

35. Plaintiff received a statement in February 2015 alleging the 3% interest rate and a new higher payment amount.

36. Plaintiff stopped paying the debt because of the dispute.

37. In February 2015, Plaintiff complained to the Consumer Financial Protection Bureau about Defendant's acts.

38. In response dated March 4, 2015, Defendant stated the following:

> A reaffirmation is a decision the debtor makes to keep the debt rather than include it in a discharged bankruptcy. It is a promise to pay that debt per the terms already in place at the time of the reaffirmation; <u>it does not modify the terms of the debt repayment</u>. (emphasis added).

39. Plaintiff received a statement in March 2015 alleging the 3% interest rate and a new higher payment amount with late fees.

40. Defendant SPS reported to Experian that Plaintiff was 30 days late on his payment despite the fact that he was not billed properly.

41. Plaintiff drafted a letter dated March 16, 2015 ("the letter") with the reaffirmation agreement and sent it to Defendant SPS indicating that they were not billing him properly and that they should investigate and fix the dispute. (Exhibit 4).

42. The letter constitutes a qualified written request ("QWR") under the Real Estate Settlement Procedures Act.

43. Plaintiff received a statement in April 2015 alleging the 3% interest rate and new higher payment amount.

44. In a letter dated April 28, 2015, Defendant SPS stated that it was the same issues that he raised previously and that its position would not change without "new and material information is reasonably likely to cause us to change our prior determination that no error occurred and your account was not properly serviced." (Exhibit 5).

45. Defendant's failure to properly investigate and make changes to the account and its practice have caused and will continue to cause Plaintiff to suffer harm.

**CAUSES OF ACTION**
**COUNT I**
**BREACH OF CONTRACT**

46. Plaintiff incorporates by reference all paragraphs within this Complaint.

47. Plaintiff entered into a reaffirmation agreement with Defendant that authorized a fixed interest of 2%.

48. Defendant has failed to honor the terms of the reaffirmation agreement by charging and demanding more than 2% interest.

49. As a result, Plaintiff has had to overpay monies to Defendant in direct contravention to the reaffirmation agreement.

50. The reaffirmation agreement constitutes a written modification of the terms of the Loan Documents.

51. Defendant's conduct constitutes a material breach of contract.

52. Plaintiff has been damaged by Defendant's acts and a failure to perform according to the reaffirmation agreement.

PLAINTIFF REQUESTS that this court enter judgment against Defendant as follows:

a. declare the above acts to be unlawful;

b. order Defendant to compensate Plaintiff in an amount that will make him whole and that is consistent with the terms of the reaffirmation agreement;

c. credit Plaintiff's account to the extent necessary to make Plaintiff whole;

d. order Defendant to furnish accurate information to all three major credit reporting agencies;

e. grant such other relief that this Court deems just.

## COUNT II
## VIOLATION OF THE MICHIGAN REGULATION OF COLLECTION PRACTICES ACT MCL 445.251

53. Plaintiff incorporates by reference all paragraphs within this Complaint.

54. Defendant is a "creditor" as defined by MCL §445.251 (e) because it is a person that offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due.

55. Plaintiff is a "consumer" as defined by MCL §445.251 (d) because he is a natural person obligated to pay a debt.

56. Defendant is a "regulated person" as defined by MCL §445.251(g)(i) and (ii) because it is a person whose collection activity is confined and because it employs regular employees collecting accounts in the name of Defendant.

57. The sending of letters and statements to Plaintiff constitute communications under MCL 445.251(c) because the letters and statements all convey information regarding a debt directly or indirectly to Plaintiff and because they were sent in the mail.

58. The above acts were willful.

59. The above willful acts constitute violations of MCL §445.252 (a), (e), and f (ii) as follows.

    (a) Communicating with a debtor in a misleading or deceptive manner.

    (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

    (f)(ii) Misrepresenting in a communication with a debtor: the legal rights of the creditor or debtor.

60. Plaintiff seeks damages for negative credit reporting, late fees, overpayment of interest and for each and every letter or phone call that was made to Plaintiffs since January 1, 2015 that was misleading or deceptive, was an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt, or in which there was a misrepresentation of the legal rights of the creditor or debtor.

61. On information and belief, Defendant has also violated MCL §445.252 (q) because it has failed to implement procedures designed to prevent the above acts.

62. The procedures referenced above refer to all procedures currently in place that caused the above acts to occur including but not limited to a failure to follow the law, a failure to honor a modification, a failure to understand the terms of a modification, a failure to understand the law and comply with the law.

63. As a result of Defendant's willful violations of the above act, Plaintiff has suffered actual damages, statutory damages, costs, and attorney fees.

PLAINTIFF REQUESTS that this court enter judgment against Defendant as follows:

   a. declare the above acts to be unlawful;

   b. declare the above acts to be willful violations pursuant to MCL §445.257(2);

   c. award the greater of a minimum of three times actual damages or statutory damages of between $50.00 -$150.00 for each and every violation pursuant to MCL §445.257(2);

   d. costs and reasonable attorney fees pursuant to MCL §445.257(2);

   e. award grant such other relief that this Court deems just.

## COUNT III
## REAL ESTATE SETTLEMENT PROCEDURES ACT
### Violation of 12 U.S.C. § 2605 (e)

64. Plaintiff incorporates by reference all paragraphs within this Complaint.

65. Plaintiff's letter to Defendant was a qualified written request as defined by § 2605(e)(1)(B).

66. Defendant received Plaintiff's letter and submitted a response.

67. As referenced above, Defendant's response was non-compliant and constitutes a failure to comply with § 2605 (f), § 2605(e)(2), § 2605(e)(2)(A), and § 2605(e)(2)(B)(i).

68. As a result of Defendant's failure to comply with the above provisions within § 2605, Plaintiff has suffered and may continue to suffer damages including but not limited to:

a) costs of photocopies and postage;

b) inconvenience;

c) transportation;

d) any additional interest, any late fees charged or assessed;

e) damage to credit rating;

f) denial of access to full amount of credit line;

PLAINTIFF REQUESTS that this court enter judgment against Defendant as follows:

a. declare the above acts to be unlawful;

b. award all actual damages sustained pursuant to § 2605 (f)(1) and as stated above;

c. award costs and reasonable attorney fees pursuant to § 2605 (f)(3);

d. grant such other relief that this Court deems just.

## **TRIAL BY JURY**

Plaintiff is entitled to and hereby respectfully demands a trial by jury.

Dated: June 8, 2015  /s/*Andrew L. Campbell*
Andrew L. Campbell
Attorney for Plaintiff
1000 Beach St, Suite B
Flint, MI 48502
(810) 232-4344
(P64391)
hundy24@yahoo.com